**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DEEPIKA REDDY,**

                                 **Plaintiff,**

    vs.                                                 5:19-CV-1493
                                                                (MAD/ATB)

**GILLES R.R. ABITBOL, ESQ.; PIERRE N. ABITBOL; AMY CHERRY-ABITBOL; ABITBOL, CHERRY & SALANIC, LLP; and JOSEPH M. FINNERTY, ESQ.,**

                                 **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **DEEPIKA REDDY** <br> 7338 Dartmoor Crossing <br> Fayetteville, New York 13066 <br> Plaintiff *pro se* | |
| **COSTELLO, COONEY & FEARON, PLLC** <br> 500 Plum Street – Suite 300 <br> Syracuse, New York 13204 <br> Attorneys for Defendants | **PAUL G. FERRARA, ESQ.** |
| **BOND, SCHOENECK & KING, PLLC** <br> 22 Corporate Woods Boulevard – Suite 501 <br> Albany, New York 12211 <br> Attorneys for Defendants | **ARTHUR J. SIEGEL, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

Plaintiff commenced this action on October 11, 2019, alleging that the named Defendants, together with the non-defendant conspirators, committed various crimes against her, with the intent to cause injury to her and her business. *See* Dkt. No. 1. The complaint centers around Plaintiff's claim that Defendant Gilles Abitbol, Esq. was an "illegal alien" at the time that he

represented Plaintiff on various New York State and Federal Court actions, resulting in, among other things, those actions becoming "null and void." *Id.* at ¶¶ 321-25.

As noted by Magistrate Judge Baxter, many of the background facts in the current complaint are better understood when read together with this Court's March 31, 2015 Memorandum-Decision and Order in *Reddy v. Catone*, No. 5:13-cv-707, 2015 WL 11023213 (N.D.N.Y. Mar. 31, 2015), *aff'd*, 630 Fed. Appx. 120 (2d Cir. 2015). Plaintiff, a dentist licensed to practiced in New York State, brought an action in the Northern District of New York in 2013, in which she sued various state officials in connection with complaints brought against her by some of her patients. In her 2013 federal action, she was represented by Defendant Gilles Abitbol. This Court dismissed Plaintiff's complaint, finding, among other things, that she was not denied due process by the New York State defendants, and that the individual defendant dentists did not conspire to violate her constitutional rights. *See Reddy*, 2015 WL 11023213, at *14-20. After the dismissal was affirmed by the Second Circuit, this Court denied Plaintiff's motion to vacate. *See Reddy v. Catone*, No. 13-cv-707, 2016 WL 6471226 (N.D.N.Y. Nov. 1, 2016).

Plaintiff also brought various state court lawsuits. In the matter presently before the Court, Plaintiff claims that Defendant Gilles Abitbol represented her in those state court proceedings and that she is now unhappy with his performance. Plaintiff has seized on Defendant Gilles Abitbol's alleged illegal immigrant status to file this RICO claim, which she claims renders the outcomes of her previous lawsuits "null and void." In addition to Defendant Gilles Abitbol, Plaintiff has named his brother and sister-in-law (both attorneys), who allegedly helped Gilles Abitbol obtain a visa in 2002 and allegedly made false representations to the Department of Labor with respect to Defendant Gilles Abitbol from 2004 until 2007. *See* Dkt. No. 1 at 3. Plaintiff has also named as Douglas M. McRae, Esq. and his law office of Bond, Schoeneck & King as Defendants for

representing Defendant Gilles Abitbol in a New York State Court action brought against him by Plaintiff. *See id.* at ¶¶ 195-289. Additionally, Plaintiff has named Joseph Finnerty, Esq., who apparently represented WSYR, the radio station sued by Plaintiff in New York State Court while she was represented by Defendant Gilles Abitbol. *See id.* at ¶¶ 128-94. Finally, the caption of Plaintiff's complaint names "Does 1-10" and Corporations X and Y, but no factual allegations are provided against these Defendants in the body of the complaint.

In a letter dated December 6, 2019, Defendants requested that the Court perform a *sua sponte* review of the complaint. *See* Dkt. No. 23. The Court granted the request, and referred the matter to Magistrate Judge Baxter for review.

In an Order and Report-Recommendation dated January 7, 2020, Magistrate Judge Baxter found that, in addition to possible violations of Rule 8, Plaintiff's complaint is frivolous. *See* Dkt. No. 31 at 7. As Magistrate Judge Baxter noted, Plaintiff essentially continues to press her claim that, because Defendant Gilles Abitbol is an undocumented or "illegal alien," everything that he has done, and every individual who has ever assisted him, defended him, or opposed him in a lawsuit without claiming that he is an illegal alien, has now become part of the RICO "enterprise," and has therefore engaged in illegal activities. *See id.* Further, Magistrate Judge Baxter noted that Plaintiff has been unsuccessful in every tribunal in which she has attempted to raise his allegedly illegal status, and that she now believes that by packaging her claims as a RICO complaint, she may accomplish what she has been unable to do in any state or federal court. *See id.* Finally, Magistrate Judge Baxter noted that the frivolous nature of Plaintiff's claims are clearly reflected in her statements indicating that all of the courts and the administrative body that have failed to hold in her favor have assisted in the fraud. *See id.* at 7-8 n.7. These courts and administrative bodies include the Supreme Court of New York, Appellate Division, Fourth Department; the Fifth

Judicial District Grievance Committee; the Onondaga County Supreme Court; and the United States District Court for the Northern District of New York. *See id.* As such, Magistrate Judge Baxter recommended that the Court dismiss Plaintiff's complaint in its entirety with prejudice as frivolous. *See id.* at 14.

In her objections to the Order and Report-Recommendation, Plaintiff again focuses on Defendant Gilles Abitbol's immigration status and the fact that he had received more than $53,000 as part of his legal fees. *See* Dkt. No. 35 at 2. Plaintiff further focuses on her belief that Defendant Gilles Abitbol did not have the right to practice law in federal court because of his immigration status. *See id.* at 4. In sum, Plaintiff's objections are a more concise version of the arguments and facts contained in her 204 page complaint.

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Having carefully reviewed the January 7, 2020 Order and Report-Recommendation, Plaintiff's objections and the applicable law, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's complaint should be dismissed as frivolous. Plaintiff's complaint is the latest in a line of cases stemming from her dissatisfaction with the result of, first,

4

the formal disciplinary proceeding in New York State pertaining to her dental license and then all of the lawsuits that followed.

As Magistrate Judge Baxter correctly found, Plaintiff has been repeatedly unsuccessful in every tribunal in which she has attempted to raise Defendant Gilles Abitbol's immigration status as the cause for injuries she allegedly suffered. Plaintiff cannot now repackage those previously unsuccessful claims as a RICO complaint and accomplish what she has ben unable to do in any state or federal court.

Plaintiff has no legal basis to claim that Defendant Gilles Abitbol's representation of her, or any other party, was "unauthorized" or invalid because of his alleged immigration status. Contrary to Plaintiff's assertions, in New York State, one is not "automatically" disqualified from being admitted to the New York State Bar solely because of "immigration status." Indeed, the New York State Appellate Division, Second Department, specifically held that the federal statute requiring a state to pass a law providing for eligibility of illegal aliens for State and local public benefits, including the issuance of professional licenses, was unconstitutional. *See In re Vargas*, 131 A.D.3d 4, 23-25 (2d Dep't 2015); *see also In re Anonymous*, 152 A.D.3d 1046 (3d Dep't 2017) (holding that an undocumented immigrant, who otherwise satisfied all requirements, was eligible for admission to the New York State Bar).

Moreover, Plaintiff's RICO claim necessarily fails because Plaintiff's cannot meet the proximate cause requirement. Plaintiff's "injury" to her business and her reputation was based on the disciplinary proceedings against her, where she was not represented by Defendant Gilles Abitbol. The link between any of the named Defendants to Plaintiff's injury is simply "'too remote'" to satisfy the proximate cause requirement of her RICO claim. *See Wang v. Yien-Koo King*, No. 18 Civ. 8948, 2019 WL 1763230, *6 (S.D.N.Y. Apr. 22, 2019) (quoting *Empire*

*Merchants, LLC v. Reliable Churchill, LLP*, 902 F.3d 132, 141 (2d Cir. 2018)). Whatever Defendant Gilles Abitbol's immigration status was, it had nothing to do with his performance during any case in which he represented Plaintiff.

Moreover, Plaintiff's attempts to convert every court filing and all litigation activity by Defendant Abitbol, McRae, and Finnerty into predicate acts for her RICO claim are likewise frivolous. As the Second Circuit has held, "[i]n the absence of corruption," litigation activity "'cannot act as a predicate offense for a civil-RICO claim.'" *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018) (quotation omitted). Plaintiff's complaint is simply her latest attempt to relitigate her previously unsuccessful lawsuits. As Magistrate Judge Baxter correctly found, Plaintiff's complaint must be dismissed as frivolous.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's January 7, 2020 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 31, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge